**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARTIN D. RAKOFF,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.  13-2397 (CMR)** |
| **vs.** | : | |
| | : | |
| **MICHAEL P. RUDY, CPA and** | : | |
| **MICHAEL P. RUDY CPA, &** | : | |
| **ASSOCIATES,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Michael P. Rudy, CPA ("Rudy") and Michael P. Rudy, CPA & Associates ("Rudy Associates") (collectively the "Rudy Defendants"), through their counsel, Lightman & Manochi, by way of answer to Plaintiff's Complaint, state as follows:

**INTRODUCTION**

1.      Denied.  Plaintiff is a highly sophisticated business executive.  Plaintiff filed a 2007 New York non-resident tax return in which he asserted he was a resident of Pennsylvania. At some point, the New York State Department of Taxation (the "NY Tax Department") notified Plaintiff that his 2007 New York non-resident tax return was being audited.  In 2011, Plaintiff retained the Rudy Defendants and directed them to establish that, for the 2007 tax year, he was a resident of Pennsylvania.  Plaintiff, however, despite numerous requests from the Rudy Defendants, failed to provide sufficient information to the Rudy Defendants so that they could perform the services requested by Plaintiff.  Plaintiff also failed to pay the Rudy Defendants for services provided to him.  As set forth in further detail below, the Rudy Defendants are not liable

to Plaintiff for any claims which Plaintiff has asserted against them.  Strict proof of all denied allegations is demanded.

## JURISDICTION

2.      Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

3.      Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

## THE PARTIES

4.      Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.  By way of further response, Plaintiff has admitted that during all relevant times herein, he was a citizen of the Commonwealth of Pennsylvania.  By way of further response, Plaintiff is a highly sophisticated businessman, who has held the position of Chief Executive Officer in at least one publicly traded corporation.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

9.      Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

## BACKGROUND

### A.  Property [allegedly] owned by the Plaintiff

10.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

11.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

12.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

13.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

### B.  Defendants' [Alleged] Misconduct

14.     Denied.  Plaintiff's allegations relate to an entity other than the Rudy Defendants and the Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

15.     Denied.  Plaintiff's allegations relate to an entity other than the Rudy Defendants and the Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

16.     Denied.  Plaintiff's allegations relate to an entity other than the Rudy Defendants and the Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

17.     Denied.  Plaintiff's allegations relate to an entity other than the Rudy Defendants and the Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

18.     Denied.  Plaintiff's allegations relate to an entity other than the Rudy Defendants and the Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.   By way of further response, the Rudy Defendants admit that at some point prior to the time Plaintiff requested accounting services from them, the NY Tax Department notified Plaintiff that his 2007 nonresident New York State tax return would be audited (the "2007 NY Audit").

19.     Denied.  Plaintiff's allegations relate to an individual other than the Rudy Defendants and the Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

20.     Denied.   The Rudy Defendants specifically deny having made promises, representations or affirmations to Plaintiff to induce him to retain the Rudy Defendants.  By way of background, Plaintiff sought out and hired the Rudy Defendants to prepare Plaintiff's amended 2008 federal tax return and to provide information to the NY Tax Department that Plaintiff resided in Pennsylvania for the 2007 tax year.  In connection with Plaintiff's request for services, the Rudy Defendants issued a retainer invoice and requested that Plaintiff pay the Rudy Defendants a $5,000.00 retainer.  Plaintiff also requested that the Rudy Defendants prepare Plaintiff's 2010 tax returns.  During the course of 2011, the Rudy Defendants filed Plaintiff's amended 2008 federal tax return, filed Plaintiff's 2010 tax returns and interacted with Plaintiff and the NY Tax Department concerning the 2007 NY Audit.  These services, however, exceeded the $5,000.00 retainer amount Plaintiff paid to the point where by the second half of 2011, Plaintiff owed the Rudy Defendants a significant amount.  In addition, during 2011, the NY Tax Department requested that the Rudy Defendants provide it with information from Plaintiff concerning evidence of where Plaintiff lived in 2007.  Despite numerous requests made by the

4

Rudy Defendants to Plaintiff for this information, Plaintiff either did not provide it or provided it in an untimely manner.   Strict proof of all denied allegations is demanded.

21.     Admitted in part; denied in part.   The Rudy Defendants admit that they and Plaintiff agreed in 2011 that the Rudy Defendants would provide certain services to Plaintiff. The Rudy Defendants, however, deny that at any point they were required to perform services for Plaintiff after the time when Plaintiff failed to pay the Rudy Defendants for their services. By way of further response, the Rudy Defendants deny that Plaintiff executed unnamed documents or signed a Power of Attorney ("POA") for "purposes of providing advice concerning the [2007 NY] Audit."  By way of further response, Plaintiff signed the POA to allow the Rudy Defendants to communicate with the NY Tax Department on behalf of Plaintiff.  By way of further response, Plaintiff was fully aware that the Rudy Defendants would not perform any additional services without payment of the past due amounts, payment of a retainer and Plaintiff's express request for additional services.   Strict proof of all denied allegations is demanded.

22.     Admitted in party; denied in part.   The Rudy Defendants admit that Plaintiff agreed to pay for the Rudy Defendants' services and by way of further response state that Plaintiff breached this agreement.  The Rudy Defendants incorporate their response to paragraph nos. 20-21 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

23.     Denied.  The Rudy Defendants expressly deny that Plaintiff reasonably relied on the Rudy Defendants' advice regarding the field of accounting and auditing, their ability to conduct the 2007 NY Audit, or their knowledge of the law, statute of limitations, practices, procedures or rules regarding the filing of amended tax returns.  By way of further response, in

the last quarter of 2011, Plaintiff advised the Rudy Defendants that he had engaged a tax attorney to represent him concerning the 2007 NY Audit.  Defendants incorporate their response to paragraph nos. 20-21 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

24.     Denied.  By way of further response, the Rudy Defendants provided substantial services to Plaintiff during 2011, including filing Plaintiff's 2008 amended federal tax return and Plaintiff's 2010 tax returns.  By way of further response, the Rudy Defendants were not required to provide services to Plaintiff after Plaintiff failed to pay the Rudy Defendants for previous services rendered.  By way of further response, Plaintiff failed to provide significant amounts of information to the Rudy Defendants, which information had been requested by the NY Tax Department and which information the Rudy Defendants needed to properly advise Plaintiff. Defendants incorporate their response to paragraph nos. 20-23 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

25.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required.  Defendants incorporate their response to paragraph nos. 20-24 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

26.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, Plaintiff specifically directed the Rudy Defendants to contest the NY Tax Department's assertion that in 2007 Plaintiff was a New York resident. Plaintiff, however, failed to provide the Rudy Defendants with information requested by the NY Tax Department, and which information would have allowed the Rudy Defendants to properly advise Plaintiff.  By way of further response, during the last quarter of 2011, Plaintiff retained a

6

tax attorney to replace the Rudy Defendants in connection with the 2007 NY Audit.  Strict proof of all denied allegations is demanded.

**C.  [Alleged] Damages**

27.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants did not breach any tort duty owed to Plaintiff or any contract between them.

28.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, Plaintiff's damages, if any, were caused, in whole or in part, by persons and entities other than the Rudy Defendants, by Plaintiff's own actions and failure to act, and by Plaintiff's failure to mitigate Plaintiff's damages.

**Count I – [Alleged] Negligence**

29.     The Rudy Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

30.     Admitted in part; denied in part.  The Rudy Defendants admit that they are skilled and competent in the areas of accounting, tax preparation and audits.  Defendants expressly deny that they led Plaintiff to believe anything regarding their qualifications to provide tax and accounting services.   By way of further response, the Rudy Defendants performed the services specifically requested by Plaintiff.  Strict proof of all denied allegations is demanded.

31.     Denied.  The Rudy Defendants expressly deny that they made or induced Plaintiff to rely upon any specific affirmations or promises to Plaintiff regarding the Rudy Defendants' "expertise, services or conclusions in the accounting, tax and auditing field."  By way of further

response, Plaintiff has failed to allege any specific affirmations or promises made by the Rudy Defendants.  Strict proof of all denied allegations is demanded.

32.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

33.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

34.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

35.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

36.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph no. 28 above as if fully set forth at length herein. Strict proof of all denied allegations is demanded.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin

D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

## Count II – [Alleged] Breach of Fiduciary Duty

37.     The Rudy Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

38.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

39.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

40.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

41.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.  By way of further response, the Rudy Defendants specifically deny that Plaintiff lacked sufficient knowledge concerning his state of residence in 2007, such that he was required to rely on the Rudy Defendants' expertise.

42.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  Strict proof of all denied allegations is demanded.

43.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26 and 41 above as if fully set forth at length herein. Strict proof of all denied allegations is demanded.

44.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph no. 28 above as if fully set forth at length herein. Strict proof of all denied allegations is demanded.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

## Count III – [Alleged] Breach of Contract

45.     The Rudy Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

46.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  The Rudy Defendants expressly deny that they made or induced Plaintiff to rely upon any specific affirmations or promises to Plaintiff.  By way of further response, the Rudy

Defendants incorporate their response to paragraph nos. 20-26 and 41 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

47.     Denied as stated.   Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26 and 41 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

48.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26 and 41 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

49.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26 and 41 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

50.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph no. 28 above as if fully set forth at length herein. Strict proof of all denied allegations is demanded.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

### Count IV – [Alleged] Professional Negligence and Malpractice

51.     Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

52.     Admitted.

53.     Denied as stated.  The Rudy Defendants deny Plaintiff's characterizations of the so-called "Retainer Agreement" and the content and purpose of the POA.  The Rudy Defendants admit that Plaintiff provided a POA to allow Defendants to communicate with the NY Tax Department 2007 NY Audit.  Strict proof of all denied allegations is demanded.

54.     Admitted in part; denied in part.  The Rudy Defendants admit they provided services to Plaintiff from January 1, 2011 until October 2011, and deny the remaining allegations in this paragraph.  Strict proof of all denied allegations is demanded.

55.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants deny that any fiduciary relationship was formed between Plaintiff, an experienced and sophisticated corporate executive, and the Rudy Defendants.  Strict proof of all denied allegations is demanded.

56.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil

Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

57.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

58.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

59.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

60.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

61.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph no. 28 above as if fully set forth at length herein. Strict proof of all denied allegations is demanded.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

### Count V – [Alleged] Respondeat Superior

62.     The Rudy Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

63.     Denied as stated.  Rudy admits that he is the principal of Rudy Associates and is authorized to act on its behalf.    The Rudy Defendants deny the remainder of Plaintiff's allegations.  Strict proof of all denied allegations is demanded.

64.     Denied as stated.  The Rudy Defendants incorporate their response to paragraph no. 63 above as if fully set forth at length herein.   Strict proof of all denied allegations is demanded.

65.     Admitted.

66.     Denied.   Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.   By way of further response, the Rudy Defendants incorporate their response to

paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

67.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

68.     Denied.  Plaintiff's allegations are conclusions of law to which no response is required and which allegations are deemed denied pursuant to the Federal Rules of Civil Procedure.  By way of further response, the Rudy Defendants incorporate their response to paragraph nos. 20-26, 41 and 55 above as if fully set forth at length herein.  Strict proof of all denied allegations is demanded.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

## Count VI – [Alleged] Claims as to John Does 1-10

69.     The Rudy Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

70.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

71.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

72.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.   By way of further response, the Rudy Defendants deny that they are liable to Plaintiff based on any of the causes of action asserted in the Complaint.

73.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.   By way of further response, the Rudy Defendants deny that they are liable to Plaintiff based on any of the causes of action asserted in the Complaint.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.


### Count VI – [Alleged] Claims as to ABC Companies 1-10

74.     The Rudy Defendants incorporate by reference herein their responses to the foregoing paragraphs as if fully set forth at length.

75.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

76.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.

77.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.  By way of further response, the Rudy Defendants deny that they are liable to Plaintiff based on any of the causes of action asserted in the Complaint.

78.     Denied.  The Rudy Defendants deny knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations.  By way of further response, the Rudy Defendants deny that they are liable to Plaintiff based on any of the causes of action asserted in the Complaint.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

The Rudy Defendants, by way of affirmative defenses to Plaintiff's claims, state as follows:

79.     The Rudy Defendants incorporate by reference herein their responses and allegations contained in the foregoing paragraphs as if fully set forth at length.

80.     Plaintiff's claims are barred in that the Court does not have jurisdiction over this matter.

81.     Plaintiff fails to state claims upon which relief may be granted.

82.     Plaintiff's claims are barred by the applicable statute of limitations.

83.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

84.     Plaintiff's claims are barred in that there exists no enforceable contract.

85.     Plaintiff's claims are barred by the doctrine of waiver.

86.     Plaintiff's claims are barred by the doctrine of failure of consideration.

87.     Plaintiff's claims are barred by the doctrine of release.

88.     Plaintiff's claims are barred by the equitable doctrines of laches and estoppel.

89.     Plaintiff's claims are barred for failure to join indispensable parties.

90.     Plaintiff's claims are barred in that Plaintiff does not have standing or the rights to assert the claims alleged.

91.     Plaintiff's claims are barred by the equitable doctrine of unclean hands.

92.     Plaintiff's claims are barred by the doctrine of mistake.

93.     Plaintiff's claims are barred in that Plaintiff first breached the alleged contract between the parties which breach terminated any further obligation of the Rudy Defendants to perform thereunder.

94.     Plaintiff's claims are barred by Plaintiff's own wrongful misconduct.

95.     Plaintiff's claims are barred by Plaintiff's own negligent conduct.

96.     Plaintiffs' claims are barred by Plaintiff's own intentional misconduct.

97.     Plaintiff's claims are barred by Plaintiff's own misstatements and/or fraudulent statements or omissions.

98.     Plaintiff's claims are barred by the doctrines of set off and recoupment.

99.     Plaintiff's claims are barred by the doctrine of novation.

100.    Plaintiff's claims are barred in that Plaintiff has failed to mitigate any and all damages Plaintiff has or may have suffered.

101.    Plaintiff's claims are barred by the statute of frauds.

18

102.    Plaintiff's claims are barred by the failure to occur of conditions precedent.

103.    Plaintiff's claims are barred by the "gist of the action" doctrine.

104.    Plaintiff's claims are barred in that the Rudy Defendants' alleged actions or inactions were not the actual cause of the harm Plaintiffs allegedly suffered.

105.    Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

106.    Plaintiff's claims are barred by the doctrines of settlement and release.

107.    Plaintiff's claims are barred because of the superseding or intervening actions of other entities or individuals, which are the cause of any damage suffered by Plaintiff.

108.    Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

109.    Plaintiff's claims are barred by the third party claims which the Rudy Defendants have against St. Clair CPAs, P.C., Jeffrey Harrison, CPA, and/or any other individuals or entities which Plaintiff may have retained or hired after the Rudy Defendants.

110.    Plaintiff's claims are barred by the Rudy Defendants' counterclaims as set forth below.

111.    The Rudy Defendants reserve the right to assert such further affirmative defenses as may be determined prior to trial in this action.

WHEREFORE, Defendants Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff, award the Rudy Defendants their attorney's fees and costs incurred in defending this action, interest on all amounts, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs, the Rudy Defendants, by way of counterclaims against Plaintiff, state as follows:

112.    In early 2011, the Rudy Defendants agreed Plaintiff to prepare Plaintiff's amended 2008 federal tax return and communicate with the NY Tax Department regarding the 2007 NY Audit.  Subsequently, at Plaintiff's request, the Rudy Defendants also agreed to prepare Plaintiff's 2010 tax returns.

113.    The Rudy Defendants requested a $5,000.00 retainer, which Plaintiff paid.

114.    Plaintiff agreed to pay the Rudy Defendants $300/hour for the requested services.

115.    Plaintiff also agreed that all amounts past due would be subject to finance and billing charges, and that Plaintiff would be liable for any collection costs on past due amounts.

116.    The Rudy Defendants performed these services for Plaintiff.

117.    However, Plaintiff failed to pay the Rudy Defendants for all the services rendered.

118.    Plaintiff owes the Rudy Defendants at least $2,000.00 for services rendered.

## COUNT I – Breach of Contract

119.    The Rudy Defendants incorporate by reference herein their responses and allegations contained in the foregoing paragraphs as if fully set forth at length.

120.    The Rudy Defendants provided the agreed upon services but Plaintiff failed to pay the Rudy Defendants for the services.

121.    As a direct and proximate cause of Plaintiff's failure to pay for services rendered, the Rudy Defendants have suffered damages, and continues to incur damages for which Plaintiff is liable.

WHEREFORE, Defendants/Counterclaim Plaintiffs Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff in an amount to be determined at trial, award them their attorney's fees and costs incurred in prosecuting this claim, interest on all amounts, and for such other and further relief as this Court deems just and proper.

## COUNT II – Quantum Meruit/Unjust Enrichment

122.    The Rudy Defendants incorporate by reference herein Defendants' responses and allegations contained the foregoing paragraphs as if fully set forth at length.

123.    The Rudy Defendants conferred a benefit upon Plaintiff in preparing Plaintiff's amended 2008 federal tax return, communicating with the NY Tax Department regarding the 2007 NY Audit and preparing Plaintiff's 2010 tax returns.

124.    Plaintiff appreciated, accepted and retained the benefits of the services he received from the Rudy Defendants.

125.    It would be unjust and inequitable to allow Plaintiff to retain the benefit of these services, without Plaintiff providing compensation or some benefit to the Rudy Defendants.

126.    The Rudy Defendants have sustained damages, in an amount to be determined at trial, as part of the benefit conferred upon him by the Rudy Defendants.

WHEREFORE, Defendants/Counterclaim Plaintiffs Michael P. Rudy, CPA and Michael P. Rudy, CPA & Associates respectfully request this Court enter judgment in their favor against Plaintiff Martin D. Rakoff in an amount to be determined at trial, award them their attorney's fees and costs in prosecuting this claim, interest on all amounts, and for such other and further relief as this Court deems just and proper.

LIGHTMAN & MANOCHI


DATED: March 10, 2014                    By: ___/s/ Glenn A. Manochi_____
                                         GARY P. LIGHTMAN, ESQUIRE
                                         GLENN A. MANOCHI, ESQUIRE
                                         W. LYLE STAMPS, ESQUIRE
                                         1520 Locust St., 12th Floor
                                         Philadelphia, PA 19102
                                         Telephone: (215) 545-3000

                                         Attorneys for Defendants/Counterclaim Plaintiffs
                                         Michael P. Rudy, CPA and
                                         Michael P. Rudy, CPA & Associates